UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ALAN LANE,

       Petitioner,

                                      Case No. 2:17-cv-12436
v.                                        Honorable Victoria A. Roberts

J. A. TERRIS,

       Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Mark A. Lane, a federal prisoner proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner alleges in his petition that (1) his detention is illegal due to an invalid sentence, (2) the judgment and commitment order in his criminal case is void, (3) his sentence is cruel and unusual punishment under the Eighth Amendment, and (4) he is entitled to have false information in his pre-sentence report and his judgment and commitment order expunged. Because Petitioner has failed to show that a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 is an inadequate or ineffective remedy for his claims, the Court dismisses the habeas petition without prejudice.

**I. Background**

The petition and attachments indicate that, on September 10, 2001, Petitioner pleaded guilty, as charged, to: (1) one count of conspiracy to possess with intent to distribute and to distribute methamphetamine, *see* 21 U.S.C. §§ 841(a)(1) and 846, and (2) one count of conspiracy to launder monetary instruments, 18 U.S.C. §§

1956(a)(1)(A)(i) and 1956(h). On February 28, 2002, United States District Judge Richard L. Young of the Southern District of Indiana sentenced Petitioner to concurrent terms of 360 months (thirty years) in prison for the methamphetamine conviction and 240 months (twenty years) in prison for the money-laundering conviction, followed by five years of supervised release. On appeal, Petitioner challenged the trial court's imposition of a three-level upward adjustment under U.S.S.G. § 3B1.1(b) for his aggravating role in the offense. The United States Court of Appeals for the Seventh Circuit affirmed the sentence imposed by Judge Young. *See United States v. Lane*, 52 F. App'x 838 (7th Cir. 2002).

Petitioner filed a motion to vacate, set aside, or correct his sentence under § 2255, but the trial court dismissed his motion. *See United States v. Lane*, Nos. EV0103CR01-YH, 3:04CV0037, 2005 WL 1421496 (S.D. Ind. June 16, 2005) (unpublished). Since 2010, Petitioner has filed numerous other motions, which attacked the trial court's jurisdiction and sought discharge of the judgment. The Seventh Circuit fined Petitioner in 2014 and barred him from filing any additional civil suits in the courts of that circuit until Petitioner paid the fine. *See Lane v. Maye*, No. 16-3056-JWL, 2016 WL 913140, at *1 n.1 (D. Kan. Mar. 9, 2016) (unpublished).

In 2016, Petitioner filed a habeas corpus petition under 28 U.S.C. § 2241, which the District of Kansas dismissed without prejudice for lack of jurisdiction. *See id.* The Tenth Circuit affirmed the district court's decision. *See Lane v. Maye*, 667 F. App'x 698 (10th Cir. 2016). Finally, On July 24, 2017, Petitioner filed his habeas petition in this district.

## II. Analysis

On receipt of a habeas petition, a federal court must "promptly examine [the] petition to determine if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (quotation marks omitted). And if the petition appears legally insufficient on its face, a federal court may summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

The issue here is whether Petitioner may bring his claims under 28 U.S.C. § 2241. The Sixth Circuit recently reaffirmed that "[a] challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to § 2255, while a petition concerning the manner or execution of a sentence is appropriate under § 2241." *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)); *accord Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009)(stating that "[s]ection 2255 provides the primary avenue of relief for federal prisoners 'claiming the right to release' as a result of an unlawful sentence") (quoting 28 U.S.C. § 2255(a)); *Charles v. Chandler*, 180 F.3d 753,755-56 (6th Cir. 1999) (noting that "claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241") (internal and end citations omitted).

Petitioner's grounds for relief challenge his federal sentence, as opposed to the execution or manner in which he is serving his sentence. As such, the proper remedy for his claims is a motion to vacate, set aside, or correct the sentence under § 2255. Petitioner may bring his claims under § 2241 only if the claims fall within the "savings clause" of § 2255, which permits a prisoner to apply for the writ of habeas corpus when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Petitioner appears to allege that § 2255 is inadequate because it limits the number of motions that a prisoner may file. *See* Pet., page 5, ¶ 10(c). It is true that prisoners are limited in their ability to file multiple motions under § 2255. A second or successive motion must be based on "newly discovered evidence" or "a new rule of constitutional law made retroactive to cases on collateral review." 28 U.S.C. § 2255(h). But "§ 2255 is not 'inadequate or ineffective' merely because habeas relief has previously been denied, a § 2255 motion is procedurally barred, or the petitioner has been denied permission to file a successive motion." *Hill,* 836 F.3d at 594 (citing *Charles*, 180 F.3d at 756). Thus, § 2255 is not inadequate or ineffective simply because Petitioner has already filed one or more unsuccessful motions under § 2255.

The savings clause of § 2255(e) *can* apply when a petitioner makes a claim of actual innocence, *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), but the Supreme Court has stated that " 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The petitioner must point to a decision demonstrating that he "stands convicted of 'an act that the law

4

does not make criminal.'" *Id.* at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). Or, as explained in *Hill*,

> [w]here a petitioner asserts factual innocence of his crime of conviction due to a change of law, he may show that his remedy under § 2255 is inadequate or ineffective by satisfying four conditions: (1) "the existence of a new interpretation of statutory law," (2) "issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions," (3) that is retroactive, and (4) applies to the petition's merits such that it is "more likely than not that no reasonable juror would have convicted" the petitioner.

*Hill*, 836 F.3d at 594–95 (quoting *Wooten v. Cauley*, 677 F.3d 307-08 (6th Cir. 2012)).

Petitioner is not claiming to be actually innocent of the crimes for which he is incarcerated, and he is not relying on a new and retroactive interpretation of the law which demonstrates that he stands convicted of an act that the law does not make criminal. Therefore, he may not take advantage of § 2255's savings clause for claims of actual innocence.

In *Hill*, the Sixth Circuit considered another basis for testing the legality of detention using the savings clause of § 2255. The Sixth Circuit held that, under certain circumstances, career offenders may bring a habeas petition under § 2241 to challenge an enhanced sentence. *See Hill*, 836 F.3d at 595. This ruling, however, has no application here because Petitioner was not sentenced as a career offender.

### III. Conclusion

To summarize, the proper remedy for a challenge to the lawfulness of a federal sentence is to file a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. A prisoner may file a habeas petition under 28 U.S.C. § 2241 only when the remedy under § 2255 is inadequate or ineffective, such as when the petitioner makes a

5

claim of actual innocence or was sentenced as a career offender and satisfies the conditions set forth in *Hill*. Petitioner has not demonstrated that, due to an intervening change in the law, he is actually innocent of the crime for which he is incarcerated, and the rule applying the savings clause to career offenders, as set forth in *Hill*, does not apply to his case. Therefore, Petitioner's remedy under § 2255 is not inadequate or ineffective, and the Court summarily **DISMISSES** the petition without prejudice.

If Petitioner decides to appeal this decision, he is not required to apply for a certificate of appealability because "the statutory language imposing the certificate-of-appealability requirement clearly does not extend to cases where . . . detention arose out of federal process but the proceeding is not under § 2255." *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). The Court, moreover, declines to grant leave to appeal *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

S/Victoria A. Roberts  
VICTORIA A. ROBERTS  
UNITED STATES DISTRICT JUDGE

Dated: October 6, 2017