UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ALAN LANE,

    Petitioner,

v.

    Case No. 2:17-cv-12436
    Honorable Victoria A. Roberts

J. A. TERRIS,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S RULE 59(e) MOTION TO ALTER OR AMEND THE JUDGMENT [6], DENYING PETITIONER'S REQUEST TO PROCEED *IN FORMA PAUPERIS* ON APPEAL [7], AND DENYING AS MOOT PETITIONER'S REQUEST FOR A RULING ON HIS RULE 59(e) MOTION [8]**

## I. Introduction

This matter initially came before the Court on petitioner Mark A. Lane's *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is an inmate at the Federal Correctional Institution in Milan, Michigan. He alleged in his habeas petition that (1) he was illegally detained due to an invalid federal sentence, (2) the judgment and commitment order in his criminal case was void, (3) his sentence was cruel and unusual punishment under the Eighth Amendment, and (4) he was entitled to have false information expunged from his pre-sentence report and the judgment and commitment order.

The Court summarily dismissed the petition without prejudice because Petitioner failed to show that a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 was an inadequate or ineffective remedy for his claims. *See* Dkt. #4. Now before the Court are Petitioner's motion to alter or amend the Court's judgment,

Petitioner's request to proceed *in forma pauperis* on appeal from the Court's decision, and Petitioner's request for a ruling on his Rule 59(e) motion.

## II. Discussion

Petitioner brings his motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which authorizes a party to an action to ask a court to alter or amend its judgment. "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.' " *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate,* 858 F.2d 322, 326 (6th Cir. 1988) (quoting *Charles v. Daley,* 799 F.2d 343, 348 (7th Cir. 1986)). "A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.' " *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). This standard is consistent with the "palpable defect" standard found in this district's local rules, *id.*, and under Local Rule 7.1, the Court generally

> will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3) (E.D. Mich. July 1, 2013).

In his motion to alter or amend the Court's judgment, Petitioner asks the Court to apply the "savings clause" of 28 U.S.C. § 2255(e) to his first and second claims and to reach the merits of his third and fourth claims. The "savings clause" of § 2255 permits a

prisoner to apply for the writ of habeas corpus when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Nevertheless, as the Court pointed out in its order dismissing Petitioner's habeas petition, § 2255 is not an inadequate or ineffective remedy for Petitioner's claims. Furthermore, although the savings clause of § 2255(e) can apply when a petitioner makes a claim of actual innocence, Petitioner has not shown that he is actually innocent of the crimes for which he is incarcerated. In fact, he pleaded guilty, as charged. The Court, therefore, declines to address the merits of Petitioner's claims or to allow him to proceed under the "savings clause" of § 2255(e).

### III. Conclusion

Petitioner has failed to show that the Court made a clear error of law or palpable defect when it summarily dismissed his § 2241 habeas petition. Accordingly, the Court denies Petitioner's motion to alter or amend its judgment in this case (Dkt. #6). The Court denies Petitioner's request to proceed *in forma pauperis* on appeal from this Court's decisions, because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Finally, having decided Petitioner's motion to alter or amend the judgment, the Court denies as moot Petitioner's request for a ruling on his motion to alter or amend the Court's judgment (Dkt. #8).

S/Victoria A. Roberts
United States District Judge

Dated: April 19, 2018